United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40264
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY JAMES REED,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
No. 5:05-CR-1288

---

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

Timothy James Reed appeals his sentence after a guilty-plea conviction for transporting illegal aliens in the United States for private financial gain in violation of 18 U.S.C. § 1324. The district court imposed a non-guidelines sentence of thirty months after finding that Reed had "stuffed" twenty-three illegal aliens in the cramped sleeper compartment of his tractor-trailer. The court calculated Reed's guideline range between 18-24 months after deducting two points for acceptance of responsibility.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Reed argues, and the government concedes, that the district court erred by deducting only two points for Reed's acceptance of responsibility. <u>See</u> U.S.S.G. § 1B1.1(a)-(i). Had the district court correctly deducted three points, Reed's guideline range would have been 15-21 months. Reed further contends that the district court erred by imposing an upward variance based on factors already considered by the sentencing guidelines. <u>See</u> <u>United States v. Andrews</u>, 390 F.3d 840, 847 (5th Cir. 2004). He notes that the guidelines already increased his base offense level because of the number of aliens involved and for creating a substantial risk of death or serious bodily injury.

After <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738 (2005), this court reviews Reed's sentence for reasonableness. <u>United States v. Perrin</u>, 478 F.3d 672, 675-76 (5th Cir. 2007). "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." <u>Id.</u> (quoting <u>United States v. Smith</u>, 440 F.3d 704, 708 (5th Cir. 2006)).

Because Reed failed to object below, we review for plain error. Under this standard of review, Reed must establish (1) an error; (2) that is clear and obvious; and (3) that affected his substantial rights. <u>United States v. Hernandez-Martinez</u>, 485 F.3d

2

270, 273 (5th Cir. 2007) (citing United States v. Olano, 507 U.S. 725, 732-34, 113 S.Ct. 1770, 1776-78 (1993)).  "If these conditions are met, this court can exercise its discretion to notice the forfeited error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id. (internal quotation marks omitted).

Reed cannot prove that the error affected his substantial rights.  Expressing its disbelief that Reed was able to fit more than eight persons in such a small space, the district court stated at sentencing that the maximum amount of twenty-four months did not adequately cover Reed's conduct.  See Olano, 507 U.S. at 734, 113 S.Ct. at 1778 (error must affect outcome of the proceeding).  The district court reasonably concluded that stuffing twenty-three illegal aliens in the sleeper compartment of a tractor trailer exhibits a kind and degree of conduct not considered by the guidelines.  Reed thus cannot meet his burden to show that the error affected the outcome of the proceedings or that the district court would have imposed a sentence lower than thirty months.  See United States v. Dominguez Benitez, 542 U.S. 74, 81-82, 124 S.Ct. 2333, 2339-40 (2004).  Even assuming that this error affected Reed's substantial rights, the district court's failure to correct it does not "affect[] the fairness, integrity, or public reputation" of the proceeding.  Olano, 507 U.S. at 732, 113 S.Ct. at 1776 (internal quotation marks omitted).

3

**AFFIRMED.**